**Joseph A. LEE**

v.

**SEAREX MANUFACTURING, LLC**

No. Civ.A. 00–1161.

United States District Court, E.D. Louisiana.

April 12, 2001.

John G. Discon, thomas Massa Discon, Gregory T. Discon, Discon Law Firm, Mandeville, LA, for plaintiff.

Roy Edward Blanchard, Sidney W. Degan, Degan, Blanchard & Nash, New Orleans, LA, for defendant.

## *ORDER AND REASONS*

VANCE, District Judge.

Before the Court is a motion for summary judgment by defendant American Home Assurance Company. For the following reasons, the Court denies defendant's motion.

### I. Background

Plaintiff Joseph Lee filed suit on April 17, 2000 against Searex Manufacturing, LLC. After Searex Manufacturing advised the Court on November 15, 2000, that it had filed a voluntary petition for bankruptcy on January 18, 2000, Lee filed an amended complaint on December 4, 2000, substituting American Home Assurance Company, Searex Manufacturing's insurer, as the defendant.

In his suit, Lee asserts claims arising under the Jones Act, 46 U.S.C.App. § 688 and, in the alternative, under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). Lee alleges that he sustained severe injuries to his right ankle on August 17, 1999 when he fell while disembarking from a gangway of the M/V TRIDENT CRUSADER at Bayou LaBatre, Alabama. At the time of the accident, Lee lived and worked aboard the M/V TRIDENT CRUSADER. His duties primarily consisted of general maintenance work.

The M/V TRIDENT CRUSADER was built at Ingalls Shipyard in Pascagoula, Mississippi. In late July 1999, a week after completing its sea trials, the vessel

transited to Boconco Shipyard in Bayou LaBatre, Alabama. Although a punch list of additional work was generated as a result of the sea trials, those repairs were completed by August 17, 1999.

The day after plaintiff's accident, the United States Coast Guard issued the M/V TRIDENT CRUSADER a temporary certificate of inspection. That same day, the M/V TRIDENT CRUSADER departed for Houma, Louisiana to load and transport sections of an offshore rig as part of its first job assignment.

Defendant now moves for summary judgment. It argues that Lee is not a Jones Act seaman and that he is precluded by section 905(b) from filing suit as a longshoreman against his employer.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Accordingly, a court must be satisfied that no reasonable trier of fact could find for the nonmoving party. In other words, "if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Exam'rs,* 204 F.3d 629, 633 (5th Cir.2000).

Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact. If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324, 106 S.Ct. at 2553. Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential on which it bears the burden of proof at trial. *See id.* at 322, 106 S.Ct. at 2552. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325, 106 S.Ct. at 2553–54; *Rushing v. Kansas City S. Ry. Co.,* 185 F.3d 496, 505 (5th Cir.1999).

### B. Seaman Status

Although the question of seaman status under the Jones Act generally is an issue of fact best suited for resolution by a jury, summary judgment is appropriate when undisputed material facts establish, as a matter of law, the lack of seaman status. *See Reynolds v. Ingalls Shipbuilding Div.,* 788 F.2d 264, 267 (5th Cir.1986). *See also Chandris, Inc. v. Latsis,* 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995) ("The inquiry into seaman status is of necessity fact specific; it will depend on the nature of the vessel and the employee's precise relationship to it." (quoting *McDermott Int'l v. Wilander,* 498 U.S. 337, 356, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991))). The essential requirements for seaman status are twofold. First, an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission because the protections afforded by the Jones Act only extend to those maritime employees who do the ship's work. *See Chandris, Inc.,* 515 U.S. at 367, 115 S.Ct. at 2190. This threshold requirement, however, is very broad: " 'All

who work at sea in the service of a ship' are *eligible* for seaman status." *Id.* (quoting *Wilander,* 498 U.S. at 354, 111 S.Ct. at 817) (emphasis in original). Second, a seaman must have a connection to a vessel in navigation and that connection must be substantial both in duration and nature. *See id.* The purpose of this substantial connection requirement is to distinguish between sea-based maritime employees entitled to Jones Act protection and land-based workers who only have a transitory or sporadic connection to a vessel in navigation. *Id.* "[A] ship undergoing sea trials is not 'in navigation' for purposes of the Jones Act". *Reynolds,* 788 F.2d at 267.

American Home argues that Lee is not a Jones Act seaman because, at the time of the accident, the M/V TRIDENT CRUSADER was not a vessel in navigation. It asserts that the M/V TRIDENT CRUSADER was still undergoing sea trials and that the Coast Guard had not issued a temporary certificate of inspection yet. American Home further argues that Lee is not a Jones Act seaman because he is not an "ordinary seaman" as set forth in the temporary certificate of inspection.

■ The Court rejects American Home's contention that there is an absence of evidence as to Lee's status as a Jones Act seaman. First, at the time of the accident, the M/V TRIDENT CRUSADER had *completed* her sea trials. Indeed, even the punch list of repairs identified during the sea trials had been completed. Furthermore, the M/V TRIDENT CRUSADER embarked on her second voyage and first job assignment the day after Lee's accident, which unequivocally negates the suggestion that the vessel was still under construction. Second, American Home cites no case law even suggesting that sea trials are not complete until the Coast Guard issues a temporary certificate of inspection or that the M/V TRI-

DENT CRUSADER is not a vessel in navigation until such a certificate is issued. Third, whether Lee qualifies as an ordinary seaman for the purposes of the temporary certificate of inspection is irrelevant to a determination whether Lee is a seaman for the purposes of the Jones Act. Seaman status under the Jones Act is neither so simple nor so narrow. Summary judgment on the issue of seaman status is not warranted on these facts.

## C. Longshoreman Status

■ American Home also argues that Lee cannot sue it as a longshoreman because section 905(b) precludes suit by a person "employed to provide shipbuilding, repairing, or breaking services" against his employer if his employer was also the owner of the vessel. *See* 33 U.S.C. § 905(b). The Court rejects this argument. Despite American Home's assertion to the contrary, there is no evidence that at the time of the accident Lee was "employed to provide shipbuilding, repairing, or breaking services. Instead, the summary judgment record suggests that Lee performed general maintenance aboard an operational vessel. Furthermore, there is no evidence before the Court establishing Searex Manufacturing as the owner of the M/V TRIDENT CRUSADER. Indeed, Lee has produced evidence that there is more than one Searex company. The Court therefore denies American Home's motion for summary judgment.

## III. Conclusion

For the foregoing reasons, the Court denies the motion for summary judgment by defendant American Home Assurance Company.